UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DERRILL LOVELACE §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>KIRBY INLAND MARINE INC. OF §<br>TEXAS AND D&S MARINE, LLC §<br>§<br>Defendants. § | CIVIL ACTION NO. 4:07-cv-0281 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (Docket No. 20.) In his motion, Plaintiff informs the Court that he would like to dismiss this lawsuit without prejudice in order to refile his Jones Act and general maritime claims in a state court pursuant to the Saving to Suitors clause. 28 U.S.C. § 1333. For the following reasons, Plaintiff's Motion is **GRANTED.**

### I. BACKGROUND

Plaintiff filed this lawsuit in the Galveston Division of the Southern District of Texas on May 23, 2007, and did not request a jury trial. Defendants filed an Answer on July 26, 2007. Parties filed a Joint Discovery and Case Management Plan on August 1, 2007 and attended a scheduling conference on August 9, 2007. A scheduling order was put in place on August 10, 2007 and set a trial date for April 7, 2008. Plaintiff filed a Motion to Compel Mediation. On October 18, 2007,

parties participated in a telephone hearing on the Motion, and the Motion was denied.[1] Shortly thereafter, on October 26, 2007, the case was reassigned to this Court in the Houston Division.

Parties have exchanged initial disclosures and written discovery, and Plaintiff and three crew members have been deposed.

## II. THE PARTIES RESPECTIVE ARGUMENTS

"[A]s a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). At least one district court has held in an unreported decision that, under certain circumstances, forum shopping may result in plain legal prejudice to a defendant. *See Weathersby v. General Motors Corp.*, 2006 WL 2865058 (N.D. Miss. 2006). Even where there is no plain legal prejudice, however, a court may deny a motion for voluntary dismissal if there is "some evidence of abuse by movant." *Elbaor*, 279 F.3d. at 317; *see also Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193 (5th Cir. 1991) (finding that a motion to dismiss under Rule 41 may be denied as long as there is "some cognizable prejudice greater than the mere prospect of a second lawsuit."). Furthermore, although additional cost does not usually support a finding of plain legal prejudice, *Elbaor*, 279 F.3d at 317, denial may be appropriate if the plaintiff "does not seek dismissal until a late stage and the defendants have exerted significant time and effort." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Serv. Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Defendants argue that, if Plaintiff is allowed to dismiss this suit, they will be prejudiced by prolonged and duplicative litigation and that re-litigating in state court will be costly and

---

[1] According to Defendant, although Plaintiff's Motion to Compel Mediation was denied, parties have agreed pursuant to the Docket Control Order to mediation with Ron White.

burdensome. Specifically, Defendants note that allowing the case to be re-filed in state court will require them to hire local counsel, re-file an answer in state court, and file to have their counsel admitted *pro hac vice*. Plaintiff counters that the Court may not deny his motion on the basis of cost alone, and additionally claims that all of the discovery that has been conducted in the federal lawsuit may be used in the state court proceeding[2]. Without explanation, and contrary to Defendant's clear representation, Plaintiff also asserts that Defendants would still need to retain local counsel if the case were to remain in federal court.

Relying on *Weathersby v. General Motors Corp.*, No. 4:04CV298-P-B, 2006 WL 2865058 (N.D. Miss. Oct. 5, 2006), Defendants further claim that they will suffer plain legal prejudice as a result of Plaintiff's forum shopping. Plaintiff argues that the circumstances of this case are not similar to those present in *Weathersby* and that dismissing this case does not, therefore, constitute plain legal prejudice to Defendants. He further maintains that he is entitled to choose the forum in which he wants to proceed, and complains that, by no fault of his own, he has been stripped of his chosen forum in Galveston by the reassignment of this case.

### III. ANALYSIS

Although the parties have provided briefing on the pending Motion, none of the cited precedents reflects a circumstance at all similar to that now before the Court. Instead, the Court must reason from the applicable statute itself. In particular, 28 U.S.C. § 1333 provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

---

[2] Plaintiff also offered to stipulate that no duplicative discovery would be needed in the state court. Plaintiff also seems to agree that all discovery conducted thus far in this case will be fully admissible in any subsequently filed state court case, i.e., as if taken originally in the state court case. Such terms shall constitute a condition of the Dismissal Without Prejudice.

(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

As interpreted, the saving to suitors language gives plaintiffs in personal injury admiralty or maritime cases the right to choose a federal or state forum and the further right to choose a jury or non-jury trial. *Lewis v. Lewis & Clark Martine, Inc.* 531 U.S. 438 (2001); *Red Cross Lines v. Atlantic Fruit Co.*, 264 U.S. 109 (1924). These expansive rights suggests special congressional solicitude for such plaintiffs.

The question then becomes: What are the rights of such a plaintiff when the choices afforded him undergo such a dramatic transformation early in the proceeding and through no fault of his own? This Court finds and holds that, in the sharply atypical factual setting presented here, the Plaintiff should have another opportunity to make the elections contemplated in the saving to suitors language of the statute.

Accordingly, plaintiff's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** this 7th day of December, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT